IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KYLE MOON, Inmate #B70215, )
)
       Plaintiff, )
)
vs. ) CIVIL NO. 04-870-GPM
)
TERRY C. McCANN, JODY HATHAWAY, )
and ROGER WALKER, )
)
       Defendants. )

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

Plaintiff, a former inmate in the Shawnee Correctional Center,[1] brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

This case now is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such
>     relief.

---

[1] On May 26, 2005, the Court received a letter from the Shawnee Correctional Center indicating that Plaintiff no longer is incarcerated at that facility and that he owes court-ordered fees in the amount of $879.87. *See Moon v. IDOC*, Case No. 04-562-WDS (S.D. Illinois, filed August 12, 2004), Doc. 22. However, Plaintiff has yet to file a change of address to notify the Court of his release; the Clerk's records still reflect his address as being at the Shawnee Correctional Center.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and, thus, subject to summary dismissal.

Plaintiff states that confidential legal mail sent to him from the United States District Court and the Circuit Court of Johnson County are opened by Shawnee Correctional Center staff.  In contrast, Plaintiff explains that the mail he receives from the State Appellate Defender is brought to him for his signature and opened by him in the presence of a Corrections Officer.

Based on these allegations, Plaintiff has not stated a constitutional claim.  The Seventh Circuit Court of Appeals has rejected challenges to a federal regulation restricting incoming mail from courts, reasoning that:

> with minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files.  It is therefore not apparent to us why it should be regarded as privileged and how [the plaintiff] could be hurt if the defendant read these documents before or after [the plaintiff] does.

*Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987).  Therefore, plaintiff's rights are not violated when official court mail is opened outside the presence of the inmate-recipient.  *See Stone-El v. Fairman*, 785 F. Supp. 711, 715-16 (N.D. Ill. 1991) (applying the rationale of *Martin* to incoming mail from court clerks).

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED with prejudice**.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

All pending motions are **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:  09/15/05

                                            s/ G. Patrick Murphy
                                            G. PATRICK MURPHY
                                            Chief United States District Judge